# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6818 | **DATE** | 10/17/2001 |
| **CASE TITLE** | AMPERE AUTOMOTIVE CORP., et al. vs. JACK FULLEN and JACK HODGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to remand this action to the Circuit Court of Cook County and for an award of fees and costs under 28 U.S.C. § 1447 (c) [4-1] is granted. Defendants' motion to dismiss J.A.S.C.O. Distributors, Inc. as a fraudulently joined party [6-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | OCT 23 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 22 PM 5:21 | 10/17/2001 | |
| SB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMPERE AUTOMOTIVE CORP. and <br> J.A.S.C.O. DISTRIBUTORS, INC. <br> <br> Plaintiff, <br> <br> v. <br> <br> JACK FULLEN and JACK HODGE <br> <br> Defendant. | No. 01 C 6818 <br> <br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Ampere Automotive Corp. ("Ampere") and J.A.S.C.O. Distributors, Inc. ("JASCO") (collectively "plaintiffs") sue Jack Fullen and Jack Hodge (collectively "defendants") for breach of warranties (Count I), indemnification under a stock purchase agreement (Count II), fraudulent misrepresentation (Count III), breach of fiduciary duty (Count IV), common law fraud (Count V) and conversion (Count VI), conspiracy to defraud (Count VII), declaratory relief under 735 ILCS 5/2-701 (Count VIII), violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* (Count IX), and breach of contract (Count X). This case was initially filed in the Circuit Court of Cook County. Defendants removed the action to this court. Plaintiffs now move to remand the action to state court for lack of subject matter jurisdiction. Plaintiffs also seek attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). In response, defendants move to dismiss JASCO, contending Ampere fraudulently joined JASCO to defeat subject matter jurisdiction. The motions are addressed jointly.

1

## BACKGROUND

Ampere is an Illinois corporation with its principal place of business in Chicago, Illinois. Complaint ("Compl.") at ¶ 1. JASCO is a Texas corporation with its principal place of business in Chicago, Illinois. JASCO is a wholly-owned subsidiary of Ampere engaged in the manufacture and sale of automobile alternators, generators, and starters. *Id.* at ¶ 2. Fullen resides in Kennesaw, Georgia. *Id.* at ¶ 3. Hodge resides in Dallas, Texas. *Id.* at ¶ 4. Fullen and Hodge were the owners of JASCO and Kennesaw, Inc. ("Kennesaw"). On February 25, 1999, Ampere entered into a stock purchase agreement with Fullen and Hodge for the purchase of all outstanding common stock of JASCO and Kennesaw. *Id.* at ¶ 6. In connection with that transaction, Ampere entered into an employment agreement with Fullen and Hodge to continue their employment with Ampere, JASCO, and Kennesaw. *Id.* at ¶ 7. Between February 25, 1999 and February 28, 2001, Hodge served as an executive of Ampere and president of JASCO. *Id.* at ¶ 30.

## DISCUSSION

### I. Subject Matter Jurisdiction

Ampere and JASCO claim this action was improperly removed. When the court's exercise of jurisdiction is challenged, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Shaw v. Dow Brands. Inc.*, 994 F.2d 364, 366-67 (7th Cir. 1993). Courts interpret the removal statute narrowly and presume that the plaintiff may choose his forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. *Ibrahim v. Old Kent Bank*, No. 99 C 999, 1999 WL 259944, at *2 (N.D. Ill Apr. 8, 1999) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).

It is undisputed complete diversity between the parties is absent. JASCO and Hodge are citizens of Texas. *See* 28 U.S.C. § 1332(c)(1) (corporation deemed a citizen of state of incorporation and state of principal place of business); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). When complete diversity or an independent basis for federal jurisdiction is absent, federal subject matter jurisdiction does not exist. *See* 28 U.S.C. § 1332(a)(1). In response, defendants assert removal was proper because JASCO (the non-diverse plaintiff) was fraudulently joined to defeat subject matter jurisdiction.

## II. Fraudulent Joinder Doctrine

Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if that joinder is fraudulent. *Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). When referring to jurisdiction, "fraudulent" is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Fraudulent joinder occurs where there is no possibility a plaintiff can state a cause of action against non-diverse defendants in state court, or where there is outright fraud in plaintiff's pleading of jurisdictional facts. *Hoosier*, 34 F.3d at 1315. In most cases, fraudulent joinder involves a claim against an in-state defendant with no chance of success. *Poulos*, 959 F.2d at 73.

The use of the fraudulent joinder doctrine to dismiss a non-diverse *plaintiff* is rare in this circuit. *See Lerma v. Univision Comm. Inc.*, 52 F.Supp.2d 1011 (E.D. Wis. 1999) (applying fraudulent joinder rule to dismiss two non-diverse plaintiffs). Indeed, there is doubt about application of the fraudulent joinder rule to non-diverse plaintiffs. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000). In *Garbie*, the court reviewed an attorneys' fees and costs award for improper removal under 28 U.S.C. § 1447(c). The court held a finding of "bad faith" was not

3

required for a fee award under § 1447(c). *Id.* at 408-10. In so doing, the court stated "[n]either § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." *Id.*

*Garbie* directs a court to the real party in interest test when a plaintiff's status is challenged for diversity purposes. Under the real party in interest rule, the court must disregard the citizenship of nominal parties and consider only the real parties in interest who are of diverse citizenship. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); *Security Center, Inc. v. AT&T Co.*, No. 94 C 6707, 1995 WL 307267, at *3 (N.D. Ill. May 16, 1995). "A real party in interest is the person who, under governing substantive law, possesses the right sought to be enforced." *Illinois v. Life of Mid-America Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986). Since *Garbie*, no court in this circuit has addressed the application of the fraudulent joinder doctrine to non-diverse plaintiffs. However, other courts have utilized fraudulent joinder to dismiss non-diverse plaintiffs and retain subject matter jurisdiction. *See e.g. Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891 (N.D. Iowa 2000); *Elk Corp. of Texas v. Valmet Sandy-Hill, Inc.*, No. 99 C 2298G, 2000 WL 3036637 (N.D. Tex. Mar. 22, 2000); *Sims v. Shell Oil Co.*, 130 F.Supp.2d 788 (S.D. Miss. 1999). Because defendants cannot succeed under either the real party in interest rule or the fraudulent joinder doctrine, this court need not resolve the uncertainty in this circuit.

### III. Real Party in Interest

Federal Rule of Civil Procedure 17(a) provides "[e]very action shall be prosecuted in the name of the real party in interest." The identity of the real party in interest is determined by the law creating the claim. *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990). A

nominal party has no interest in the subject matter litigated. *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). A nominal party's presence in a suit is merely incidental, and "it is of no moment whether the one or the other side in [the] controversy succeeds." *Id.* It is undisputed JASCO is named as a plaintiff in four counts: breach of fiduciary duty (Count IV); conversion (Count VI); misappropriation of trade secrets (Count IX); and breach of an employment agreement (Count X). Defendants contend JASCO is a nominal party in each of these claims.

In Count IV, plaintiffs allege Hodge breached his fiduciary duty to JASCO. Specifically, plaintiffs allege Hodge entered into secret deals with customers to increase their purchases in order to inflate his bonus compensation. Compl. at ¶¶ 29-35. In support of removal, defendants contend Hodge was employed by Ampere and owes no fiduciary duty to JASCO. However, JASCO continued to exist as a corporation after the sale to Ampere. Indeed, Hodge served as president of JASCO after the sale. Compl. at ¶ 30. JASCO alleges Hodge conducted his scheme in that role. *Id.* Directors or officers of a corporation owe a fiduciary duty to their corporation. *Shlensky v. South Parkway Bldg. Corp.*, 19 Ill.2d 268, 278, 166 N.E.2d 793, 799 (1960). Thus, JASCO has a real interest in the subject matter of the claim. In addition, defendants contend JASCO is a nominal party because the purported defrauded customers were transferred from JASCO to Ampere after the sale. JASCO disputes this assertion. Compl. at ¶ 34-35. A determination of the merits of the claim is inappropriate on a motion to remand. *Gustafson v. Finn*, No. 90 C 06822, 1991 WL 32745, at *2 (N.D. Ill. Mar. 7, 1991) (on a motion to remand, dispute over allegations was "a roundabout way of getting [the court] to reach the merits of the motion to dismiss. That inquiry is more properly left to the state court to decide.") The court must limit its analysis to whether JASCO has a real interest in Count IV. Hodge's status as president of JASCO satisfies that determination.

5

In Count VI, plaintiffs allege Hodge converted JASCO's property, including a photocopier, laptop computer, fax machine, and laser printers. In asserting fraudulent joinder, defendants contend those items are Ampere's property because Ampere owns JASCO. According to defendants, JASCO has no interest in the property. Defendants' argument is unavailing. "It is an elementary principle of corporate law that a corporation and its stockholders are separate entities and that the title to corporate property is vested in the corporation and not in the owners of corporate stock." *Sun Towers v. Heckler*, 725 F.2d 315, 330 (5th Cir. 1984) (citing *Moline Properties Inc. v. Commissioner*, 319 U.S. 436 (1943)). Ampere's ownership of JASCO stock does not give it exclusive title to JASCO's office equipment. Nor does Ampere's interest in the property as a parent corporation preclude JASCO's interest as a subsidiary. Compl. at ¶ 2.

In Count IX, plaintiffs claim Hodge misappropriated JASCO's trade secrets, including customer and product information, sales and marketing strategies, pricing structures, and product sourcing. Compl. at ¶ 72. Under the Illinois Trade Secrets Act, 765 ILS 1065/1 *et seq.*, plaintiffs must allege the information at issue was: (1) a trade secret; (2) misappropriated; and (3) used in defendants' business. *Abbott Laboratories v. Chiron Corp.*, No. 97 C 0519, 1997 WL 208369, at *3 (N.D. Ill. April 23, 1997). Defendants contend trade secrets are Ampere's property as the owner of JASCO. This argument is without merit. Hodge held an executive position at Ampere and JASCO. Plaintiffs allege Hodge disclosed trade secrets when he was later employed by JASCO's competitor. Compl. at ¶¶ 77-83. Ampere and JASCO have real interests in the trade secret claim. In addition, defendants misread the complaint in asserting JASCO concedes Ampere's ownership of trade secrets. In listing the relevant trade secrets, JASCO states "[c]ertain of Plaintiff's secret and confidential information is contained in electronic form on the computers that Hodge has converted

from Plaintiffs[.]" Compl. at ¶ 76. Although it is undisputed those computers are Ampere's property, plaintiffs allege a fraction and not all of the trade secrets were stored on those computers. *Id.*

Finally, in Count X, plaintiffs claim Hodge breached his employment contract with Ampere. JASCO asserts it is a third party beneficiary to the employment contract. Compl. at ¶¶ 88-91. A party may sue to enforce a contract if it is a direct beneficiary of that contract. *Wilde v. First Fed'l Sav. & Loan*, 134 Ill.App.3d 722, 489 N.E.2d 1236, 1242 (1985). The contract's express language and surrounding circumstances at the time of contracting determine whether the parties intended to directly benefit a third party. *F.W. Hempel & Co. v. Metal World, Inc.*, 721 F.2d 610, 613 (7th Cir. 1983). Hodge's employment contract, attached to the complaint, provides for his continued employment with JASCO after the sale of JASCO to Ampere. Compl. Ex. B, at 1. Thus, JASCO has a real interest in any breach of that agreement. *See Stamp v. Inamed Corp.*, 777 F. Supp. 623 (N.D. Ill. 1991) (where merger agreement named third party and discharged liabilities, third party was direct beneficiary).

Significantly, *Garbie* reaffirmed the rule that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie*, 211 F.3d at 410 (citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1985)). Ampere's motivation for including JASCO is irrelevant. JASCO has asserted four claims in which it has more than a nominal interest.

### IV. Fraudulent Joinder Rule Applied to JASCO

Alternatively, defendants fail to demonstrate JASCO was fraudulently joined to destroy complete diversity. Defendants bear a heavy burden to establish fraudulent joinder. *Poulos*, 959 F.2d at 73. Defendants must show after resolving all issues of fact and law in JASCO's favor, JASCO

7

would be unable to establish a cause of action against the non-diverse defendant. *Id.; Inman v. Daimler-Chrysler Corp.*, No. 00 C 0134, 2000 WL 283016, at *4 (N.D. Ill. Mar. 9, 2000). A federal court must engage in an act of prediction: "is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos*, 959 F.2d at 73. The court must resolve all ambiguities against removal. *Lemar*, 52 F.Supp.2d at 1014.

Defendants fail to demonstrate there is no possibility JASCO could recover against Hodge on the four counts asserted. *Inman*, 2000 WL 283016, at *3-4. Defendants' arguments in support of fraudulent joinder are identical to its arguments on real party in interest. As stated above, those arguments are without merit. Defendants offer nothing more to satisfy their significant burden on fraudulent joinder. Accordingly, defendants fail to establish JASCO has no possibility of recovery under Counts IV, VI, IX, and X.

## V. Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). A court has discretion to "award costs pursuant to an order remanding a case either on the grounds that the court lacks subject matter jurisdiction or on the basis that the procedures for removal were not satisfied." *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). Section 1447(c) "is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." *Garbie*, 211 F.3d at 410. In addition, § 1447(c) expressly limits fee awards to "any actual expenses, including attorneys' fees incurred." 28 U.S.C. § 1447(c). A finding of bad faith on defendants' removal of the case is unnecessary. *Id.* Indeed, the Seventh Circuit has instructed prevailing plaintiffs are "presumptively entitled to recover the attorneys' fees incurred" under § 1447(c). *Garbie*, 211 F.3d at 411.

Complete diversity was plainly absent on the face of the state court complaint. Despite defendants' insistence on the application of the fraudulent joinder rule to a non-diverse plaintiff, defendants fail to satisfy their heavy burden under that doctrine. "Improper removal prolongs litigation (and jacks up fees)." *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367 (7th Cir. 2000). Accordingly, an award of attorneys' fees and costs under § 1447(c) is warranted.

## CONCLUSION

Plaintiffs' motion to remand this action to the Circuit Court of Cook County and for an award of fees and costs under 28 U.S.C. § 1447(c) is granted. Defendants' motion to dismiss JASCO as a fraudulently joined party is denied.

October 17, 2001

ENTER:

Suzanne B. Conlon
United States District Judge